District court of the United States

# FILED

CASE#

MAR 29 2012

Clerk, U. S. District Court
Eastern District of Tennessee
At Chattanooga

Stefon: Smith

-v-

NCO FINANCIAL SYSTEMS INC,
RONALD A. RITTENMEYER, SHARON A. WANDER;
WEST ASSET MANAGEMENT,
MICK MAZOUR, KERRY HARRIS,
Defendants.

Recordation of all hearings Demanded, Telephonic Hearing demanded for all pretrial motion. Trial by jury is demanded, Affirmation/affidavit, as well as Acknowledgement.

JUDGE  1:12-cv-101
Collier/Carter

## Affidavit, Acknowledgement, and Common Law Complaint

Petitioner Stefon:Smith, alleges as follows:

**The Parties**

1. The petitioner is Stefon Smith, herein after petitioner, is of Chattanooga, Tennessee. Petitioner is a "consumer" as defined 15 U.S.C. § 1692a(6)

2. Defendant, NCO FINANCIAL SYSTEMS INC, is a corporation incorporated under the laws of Pennsylvania doing business at 507 Prudential Road, Horsham, PA 19044, primarily as a consumer debt collection firm as defined by the FDCPA, 15 U.S.C. 1692A

   Defendant, WEST ASSET MANAGEMENT , is a corporation incorporated under the laws of Missouri doing business at PO Box, St Louis, MO 63179, primarily as a consumer debt collection firm as defined by the FDCPA, 15 U.S.C. 1692a.

**Jurisdiction**

3.      The Court has jurisdiction over this action pursuant to 15 U.S.C. §§ 1692-1692p, the "Fair Debt Collection Practices Act." Venue is proper in the county of Hamilton as that is where the Petitioner is located, and that is where the cause of action accrued. This is an action under the Fair Debt Collection Practices Act, hereinafter "FDCPA," 15 U.S.C. § 1692a.

**Statutory Violations**

4.      Defendants are reporting derogatory information about Petitioner to one or more consumer reporting agencies (credit bureaus) as defined by 15 U.S.C. § 1681a. This derogatory unvalidated information that has been and is being reported persists to cause great damage and trespass upon Petitioner. Defendants and petitioner have no contractual agreements and never have.

5.      Petitioner has disputed and brought into question the accuracy and completeness of the derogatory information and the validity and verification of the alleged debt reported and reporting by the Defendants to the consumer reporting agencies Experian and Trans Union. Petitioner has contacted Defendants on two separate occasions via certificate of mailing at the United States Post Office, and one occasion via email. See attachments.

6.      Defendants have failed to respond within 5 days, under 15 U.S.C. § 1692g, to Petitioner's four letters of notice of debt validation demand and questioning of validity and verification by providing proper evidence of the alleged debt to Petitioner nor to the consumer reporting agencies Experian and Trans Union, thereby acquiescing to cease collection activities prior to lawful validation of purported debt.

7.      Defendants have failed to provide adequate notice, of this disputed matter, to the credit bureaus and is therefore in violation of 15 U.S.C. § 1681s-2 which requires this notice.

8.      Defendants failed to comply with 18 U.S.C. § 471, 472, 473, and 513, in that it possessed or possesses false obligations.

9.      Defendants have failed to notify of dispute deemed frivolous within 5 days under 15 U.S.C. § 1681s-2.

10.     Defendants have failed to comply with FDCPA Section 811(a)(2) in that it attempts to enforce a security interest outside of the proper venue.

11.     Defendants have failed to comply with 18 U.S.C. 1341 in that it persists to attempt to collect an unvalidated debt, and false representation, via mail.

12.     Defendants have failed to comply with 15 U.S.C. § 1692g in that it has not within 5 days of Petitioner's initial communication (nor at any other time) sent Petitioner written documentation of the amount of the debt, the name of the original creditor nor other information required by the Fair Debt Collection Practices Act.

13.     Defendants have failed to complete an investigation of Petitioner's written dispute and provide the results of an investigation to Petitioner within the 30 day period as required by 15 U.S.C. § 1681s-2.

14.     Defendants have failed to comply with Section 809 (b) of the Fair Debt Collection Practices Act in that it has failed to validate and verify the debt claim(s) but continues collection attempt.

15. Defendants have failed to comply with Section 811 (a)(2) of the Fair Debt Collection Practices Act in that it has failed to meet location requirements for collection practices.

Common law Trial by Jury.

Common law trial by Jury is hereby demanded.

DEMAND IS MADE THAT ALL HEARINGS BE RECORDED, in a court of record, on the public record.

Because of the distance to the court facilities Telephonic Hearing requested for all pretrial motion. This is believed to save both time and money and is allowable under law. The reasoning is that if the court has ever allowed a telephonic weather it was to an inmate or to a house wife this petition under the equal protection clause must be offered opportunity for the same.

Remedy Sought:

Damages:

## Prayer for Relief

12. WHEREFORE,

Petitioner seeks a reasonable and fair judgment against defendant for willful noncompliance and negligent noncompliance of the Fair Credit Reporting Act and seeks his statutory and additional remedies as defined by, but not limited to, 15 U.S.C. § 1681n and demands:

$1,000 per statutory damage occurrence for a count of 10 individual statutory violations

$10,000 for counsel

$45,000 for actual damages

$45,000 for special and compensatory damages (private fee schedule for trespass upon rights and liberties)

Permanent injunction against the Defendants from reporting damaging and or derogatory information about Petitioner to Consumer Reporting Agencies (credit bureaus) and other third parties.

Permanent injunction against Defendant for selling this (or any) alleged debt to any other party.

Any further relief which the ▬▬▬ jury may deem appropriate.

Respectfully Submitted,

by: ╱╱╱╱╱╱

By ╱╱╱╱╱╱, Director/Executor/Beneficiary/Grantor/Sole-Shareholder/Living Man
Petitioner, Propria Persona,

In care of : Post Office Box 5671, Fort Oglethorpe, Georgia [30742-9999]  oftennessee@gmail.com